UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DWANE HOWARD,

Petitioner,

v.

ROBERT FENNER,

Respondent.

Case No. 1:26-cv-1273

Honorable Robert J. Jonker

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. The Court will grant Petitioner leave to proceed *in forma pauperis*.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court finds that Petitioner has failed to exhaust available state-court remedies with regard to some of the habeas grounds raised in his petition. Dismissing the mixed petition, however, could jeopardize the timeliness of a subsequent petition.

Accordingly, the Court will grant Petitioner's motion to stay these proceedings and hold them in abeyance pending exhaustion of all unexhausted claims.

**Discussion**

**I. Factual allegations**

Petitioner Robert Dwane Howard is incarcerated with the Michigan Department of Corrections at the Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan. Following a jury trial in the Kent County Circuit Court, Petitioner was convicted of assault by strangulation, in violation of Mich. Comp. Laws § 750.84(1)(b) and domestic violence-third offense, in violation of Mich. Comp. Laws § 750.81(5). On December 9, 2021, the court sentenced Petitioner as a fourth habitual offender, Mich. Comp. Laws § 769.12, to a term of imprisonment of 25 to 40 years for assault and 2 to 5 years for domestic violence.

During April of 2026, Petitioner filed his habeas corpus petition raising nine grounds for relief. Petitioner reports that he raised six of the nine grounds in the Michigan Court of Appeals and the Michigan Supreme Court on direct appeal. The last three grounds, however, he raised for the first time in a motion for relief from judgment filed in the Kent County Circuit Court on March 31, 2025. He has not raised those issues in the state appellate courts because the trial court has not yet ruled on his motion for relief from judgment.

**II. Exhaustion of State Court Remedies**

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner acknowledges that he has not exhausted habeas grounds VII, VIII, and IX.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may continue to pursue him motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. Mich. Ct. R. 6.502(G)(1). Petitioner has filed his one allotted motion, but it remains unresolved. Therefore, the Court concludes that he has at least one available state remedy. To properly exhaust his claim, Petitioner must continue pursuing his motion for relief from judgment in the Kent County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss

mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2005) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on January 4, 2024. Petitioner did not petition for certiorari to the United States Supreme Court, though the 90-day period in which he could have sought review in the United States Supreme Court is counted under Section 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The 90-day period expired on April 3, 2024. Accordingly, absent tolling, Petitioner would have one year, until April 3, 2025**,** in which to file his habeas petition. Petitioner filed the instant petition during April of 2026, a year after the deadline.

But the statute of limitations does not always run without interruption. The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332. Thus, so long as Petitioner's request for collateral review is pending, the time will not count against him.

Petitioner reports that he filed a motion for relief from judgment in the Kent County Circuit Court on March 31, 2025. That motion is still working its way through the Michigan courts. Thus, Petitioner's statute of limitations clock was tolled on March 31, 2025. It remains tolled today and will continue to be tolled until the Michigan Supreme Court rules on his application for leave to appeal to that court. The *Palmer* Court has indicated that 30 days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another 30 days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that 60 days, 30 days to file the motion and 30 days to return after the state appellate process is complete, amounts to a mandatory period of equitable tolling under *Palmer*).

In the instant case, Petitioner has less than 60 days remaining before the statute of limitations expires. Petitioner therefore would not have the necessary 30 days to return to this court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

In light of the foregoing, the Court will grant Petitioner's motion to stay these proceedings and hold them in abeyance. Petitioner's unexhausted claims will be dismissed without prejudice. With respect to habeas grounds I–VI, this action will be stayed, and held in abeyance, until Petitioner files a motion to amend his petition to include any subsequently exhausted claims—such motion must be filed not later than 30 days after a final decision by the Michigan Supreme Court on Petitioner's unexhausted claims and shall include a description of the newly exhausted claims and the dates and substance of the decision at each step of state-court review. If Petitioner fails to comply with the deadlines imposed in this order, the Court may dismiss the petition. The Court will order this action to be administratively closed until such time as Petitioner files a motion to amend his petition or a motion to lift the stay in accordance with the procedures set forth above.

An Order consistent with this Opinion will be entered.

Dated: August 14, 2026

/s/ Sally J. Berens
SALLY J. BERENS
United States Magistrate Judge